**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BRYAN CORNELL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN BONAVENTURA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-01906-APG-GWF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF DEFAULT OR TO EXTEND SERVICE DEADLINE**<br><br>(Dkt. ##32, 72) |

　　On March 12, 2015, defendants John Bonaventura and the Office of the Las Vegas Township Constable filed a motion to quash summons and dismiss the complaint. (Dkt. #26.) I granted the motion after plaintiff Bryan Cornell did not file an opposition. (Dkt. #71); LR 7-2(d). Cornell moves for reconsideration only with respect to defendant John Bonaventura.

　　Cornell contends that the quashed proof of service did not state that Bonaventura had been served personally and thus there was no basis to quash as to Bonaventura. Cornell also argues that Bonaventura made a general appearance in this case but he has failed to answer or otherwise respond to the complaint, so default should be entered against him. Alternatively, Cornell requests an extension of time until September 15, 2015 to serve Bonaventura.

　　Cornell filed a proof of service showing defendant Office of the Las Vegas Township Constable had been served by leaving a copy of the complaint and summons with Captain Rich Forbus. (Dkt. #16.) Defendants Bonaventura and the Constable's Office moved to quash the service and dismiss the complaint. (Dkt. #26.) Cornell did not respond to this motion. He therefore consented to it being granted. LR 7-2(d). Bonaventura and the Constable's Office filed a notice of non-opposition to indicate that Cornell had not opposed their motion to quash. (Dkt.

1   #41.) Cornell still did not respond. I granted the motion to quash as unopposed, and therefore
2   Captain Rich Forbus's motion to quash (Dkt. #32) is moot.

3   Cornell moves to reconsider only as to Bonaventura. Cornell contends that Bonaventura
4   made a general appearance when (1) he moved to quash even though the summons was not
5   directed at him personally and (2) he filed a substitution of attorney indicating that he would
6   proceed pro se and his prior counsel, Robert Pool, no longer would represent him in this action.
7   (Dkt. #58.) Cornell therefore contends default should be entered against Bonaventura because he
8   has not filed an answer or otherwise responded to the complaint.

9   If Cornell thought that Bonaventura's filing of the motion to quash amounted to a general
10  appearance, he should have presented that argument in response to Bonaventura's motion to
11  quash. Instead, he chose not to respond to the motion and thereby consented to me granting it.
12  Further, Cornell presents no authority for the proposition that moving to quash or substituting
13  counsel amounts to a personal appearance. I therefore deny Cornell's motion for entry of default.

14  However, I grant Cornell's request that I extend the deadline to effect service. Cornell
15  should have moved to extend the service deadline before it expired on May 12, 2015. (Dkt. #31.)
16  I nevertheless will extend the deadline to serve Bonaventura to September 30, 2015.

17  IT IS THEREFORE ORDERED that plaintiff Bryan Cornell's motion for entry of default
18  or to extend the deadline to serve defendant John Bonaventura **(Dkt. #72) is GRANTED in part**
19  **and DENIED in part.** The motion is granted to the extent that the deadline to serve defendant
20  John Bonaventura is extended to September 30, 2015. The motion is denied in all other respects.

21  IT IS FURTHER ORDERED that the motion to dismiss/quash filed by Captain Rich
22  Forbus **(Dkt. #32) is DENIED AS MOOT.**

23  DATED this 2nd day of September, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE