UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN CORNELL, | |
|     Plaintiff, | Case No. 2:14-cv-01906-APG-GWF |
| vs. | **ORDER** |
| JOHN BONAVENTURA *et al*, | |
|     Defendants. | |

    This matter is before the Court on Plaintiff's Motion to Permit Service Upon Defendant John Bonaventura by Publication (#77), filed on September 30, 2015.

    Plaintiff moves for an order granting permission to serve Defendant by publication. Plaintiff also requests an extension of time to effectuate service on Defendant Bonaventura. Plaintiff filed his Complaint on November 14, 2014. Proof of Service was due by September 30, 2015, per Order #76. The Court has broad discretion to extend time for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Court may extend the time for service if the plaintiff establishes that good cause exists for the failure to serve by the deadline. Fed. R. Civ. P. 4(m). Good cause is generally equated with diligence. *Bonner v. Leon*, 2:13-cv-1858-APG-VCF, 2013 WL 6693649 at *2 (D. Nev. 2013) citing Wright & Miller, Federal Practice and Procedure: Civil 3D § 1337.

    Plaintiff has sufficiently demonstrated diligence in attempting to effectuate service on Defendant Bonaventura. Plaintiff has attempted personal service on Defendant, and has tried to contact Defendant over the phone when personal service failed. Plaintiff has conducted record checks to determine the proper address to effectuate personal service, the proper phone numbers to contact Defendant, and confirmed that Defendant was not incarcerated during the time of the service attempts. Plaintiff has sufficiently demonstrated that good cause exists for his failure to effectuate

service on Defendant Bonaventura.

Pursuant to Fed. R. Civ. P. 4(e), service of summons by publication is governed by the law of the state in which the District Court is located. Nevada R. Civ. P. 4(e)(1)(i) provides that the Court may permit service by publication if, after a demonstration of due diligence, the plaintiff is unable to find the defendant within the state or the plaintiff shows that defendant is within the state but avoiding the service of summons. The question of due diligence is within the Court's discretion, as there is no objective, formulaic standard for determining what is, or is not, due diligence under Nevada law. *Abreu v. Gilmer,* 985 P.2d 746, 749 (Nev. 1999). Instead, due diligence is determined by "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Abreu*, 985 P.2d at 749.

Through the numerous attempts at service, phone calls, and records checks, Plaintiff has demonstrated that he has diligently attempted to locate and serve Defendant Bonaventura. Despite these efforts, Plaintiff has been unable to serve Defendant, who appears to be evading service. Due to Defendant's limited appearance in filing a Motion to Quash (#26), he is clearly aware of the lawsuit. To allow him to further frustrate Plaintiff by evading service would not be in the interests of justice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Permit Service Upon Defendant John Bonaventura by Publication (#77) is **granted**. Defendant Bonaventura may be served by publication. Plaintiff shall publish the summons and complaint at least once a week for four (4) consecutive weeks in a newspaper of general circulation published in Clark County, Nevada. Plaintiff must also mail a copy of the summons and complaint to Defendant Bonaventura's last known residence pursuant to NRCP 4(e)(1)(iii).

**IT IS FURTHER ORDERED** that Plaintiff shall provide proof of service Proof of Service by **December 7, 2015**.

**DATED** this 6th day of October, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge